UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA STAGGERS, : | |
|     Plaintiff, : | CIVIL ACTION NO. |
| : | 3:14-CV-717 (JCH) |
| v. : | |
| : | |
| CAROLYN W. COLVIN, : | |
| COMMISSIONER OF SOCIAL : | |
| SECURITY, : | AUGUST 11, 2015 |
|     Defendant. : | |

**RULING RE:  OBJECTION TO RECOMMENDED RULING (Doc. No. 29)**

**I.    INTRODUCTION**

Plaintiff Debra Staggers brought this action under section 1631(c)(3) of the Social Security Act to review a final decision of the Commissioner of Social Security (the "Commissioner"), which denied her claim for disability insurance benefits and supplemental security income.  See 42 U.S.C. § 1383(c)(3).  Magistrate Judge Sarah A. L. Merriam issued a Recommended Ruling on Cross Motions (Doc. No. 28) denying the Commissioner's Motion to Affirm (Doc. No. 23) and granting Staggers's Motion for an Order Reversing the Decision of the Commissioner, or in the Alternative, Remand for a New Hearing (Doc. No. 17).  The Commissioner objects to the Recommended Ruling, arguing that it mischaracterizes how an administrative law judge ("ALJ") must determine a claimant's residual functional capacity ("RFC") and, as a result, incorrectly concludes that the ALJ's decision lacked substantial evidence.  See Defendant's Objection to the Recommended Ruling (Doc. No. 29) ("Def.'s Obj.") at 2.  The court assumes familiarity with the Recommended Ruling.

1

For the following reasons, the court overrules the Commissioner's Objection, and it affirms, adopts, and ratifies the Recommended Ruling.

## II. STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's recommended ruling to which an objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The remainder of the recommended ruling will be set aside "only for clear error." Campbell v. Astrue, 596 F. Supp. 2d 446, 448 n.1 (D. Conn. 2009). The court may adopt, reject, or modify, in whole or in part, a magistrate judge's recommended ruling. See 28 U.S.C. § 636(b)(1).

In review of a Social Security disability determination, a court will set aside the decision of an ALJ "only where it is based upon legal error or is unsupported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). As the Supreme Court has instructed, substantial evidence means more than a "mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation and citation omitted). Rather, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Further, the substantial evidence rule also applies to inferences and conclusions that are drawn from findings of fact. See Gonzalez v. Apfel, 23 F. Supp. 2d 179, 189 (D. Conn. 1998).

Under this standard of review, absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently. See Eastman v. Barnhart, 241 F. Supp. 2d 160, 168 (D. Conn. 2003). In other words, "[w]here an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not

substitute its judgment for that of the Commissioner." Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).

### III.   DISCUSSION

The Recommended Ruling accurately states the case's procedural history and summarizes the ALJ's decision.  See Rec. Ruling §§ II, III.

The Commissioner argues that the Recommended Ruling improperly states the way in which an ALJ must make a determination about a claimant's RFC and, as a consequence of that error, determines that the ALJ's RFC finding lacked substantial evidence.  The court disagrees.

The Commissioner's regulations state that a claimant's RFC is "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Because the ultimate determination of an RFC is an "administrative finding[ ] that [is] dispositive of a case," it is an issue reserved to the Commissioner, and not a "medical opinion." Id. §§ 404.1527(d), 416.927(d).  An ALJ "consider[s] opinions from medical sources" in determining a claimant's RFC, id. §§ 404.1527(d), 416.927(d), and she makes a decision "based on all of the relevant medical and other evidence" in the record, id. §§ 404.1545(a)3, 416.945(a)(3).

The Commissioner's argument is essentially that, according to these regulations, an ALJ "has the ability to determine a claimant's RFC without basing her assessment directly on a medical opinion." See Def.'s Obj. 4.  This argument overlooks a large body of case law holding that "an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." Hilsdorf v. Comm'r of Soc. Sec., 724 F.

3

Supp. 2d 330, 347 (E.D.N.Y. 2010); see also Rivera-Torres v. Sec'y of Health & Human Servs., 837 F.2d 4, 6 (1st Cir. 1988) ("[W]e think the Secretary should obtain an RFC evaluation from the consultant who conducted the examination.  Nor is there even any useful RFC from a nonexamining physician." (internal citations omitted)); Manchester v. Colvin, No. 7:13-CV-00308, 2014 WL 4983496, at *5 (N.D.N.Y. Oct. 6, 2014) ("[A]lthough the ALJ's written decision includes a narrative discussion of the raw medical data contained in plaintiff's medical records, such information is not an acceptable basis for making an RFC finding in the absence of a supporting expert medical opinion."); Palascak v. Colvin, No. 1:11-CV-0592 MAT, 2014 WL 1920510, at *8 (W.D.N.Y. May 14, 2014) ("Although residual functional capacity determinations are reserved for the Commissioner, administrative law judges are unqualified to assess residual functional capacity on the basis of bare medical findings in instances when there is a relatively high degree of impairment." (internal citations and quotation marks omitted)); Walker v. Astrue, No. 08-CV-0828(A)(M), 2010 WL 2629832, at *6 (W.D.N.Y. June 11, 2010) (concluding that the ALJ's decision lacked substantial evidence because there was "no RFC opinion from any medical source"), report and recommendation adopted absent objection, No. 08-CV-828A, 2010 WL 2629821 (W.D.N.Y. June 28, 2010); Zorilla v. Chater, 915 F. Supp. 662, 666–67 (S.D.N.Y. 1996) ("The lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required.").

   Indeed, consistent with this principle, courts have held that, in the absence of any RFC assessments from treating or examining physicians, an ALJ has an affirmative duty to develop the record by obtaining such assessments.  See, e.g., Jermyn v. Colvin,

No. 13-CV-5093 MKB, 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[T]he ALJ's RFC determination is wholly unsupported by any medical evidence as the record is devoid of any opinions from treating or examining medical sources regarding Plaintiff's functional or work capacity limitations . . . .  Under these circumstances, the ALJ was obligated to develop the record and obtain RFC assessments from Plaintiff's treating and/or examining physicians."); Legall v. Colvin, No. 13 CV 1426 VB, 2014 WL 4494753, at *6 (S.D.N.Y. Sept. 10, 2014) (remanding action to ALJ for failure to obtain medical opinion on RFC); Walker, 2010 WL 2629832, at *7 ("Given the limited evidence in the record of plaintiff's functional limitations from her mental impairments, including the lack of any treating or consultative opinions concerning the extent of these limitations, I conclude that ALJ Pietz should have ordered a consultative psychological examination or attempted to contact plaintiff's treating physicians to complete the record in order to make a proper RFC determination.").

 The court acknowledges that, in certain circumstances, it is not error for an ALJ to make an RFC finding in the absence of an assessment from a treating physician. See Weed Covey v. Colvin, No. 13-CV-6602 EAW, 2015 WL 1541864, at *13 (W.D.N.Y. Apr. 6, 2015).  So does the Recommended Ruling.  See Rec. Ruling 8.  The Second Circuit has stated, "remand is not always required when an ALJ fails in his duty to request opinions, where . . . the record contains sufficient evidence from which an ALJ can assess the petitioner's [RFC]."  Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 33–34 (2d Cir. 2013).  However, courts have upheld an ALJ's RFC finding only where the record is clear and, typically, where there is some useful assessment of the claimant's limitations from a medical source.  Hernandez v. Comm'r of Soc. Sec., No.

5

1:13-CV-959 GLS/ESH, 2015 WL 275819, at *2 (N.D.N.Y. Jan. 22, 2015). For example, as Hernandez points out, id., in Tankisi, the ALJ had number of functional assessments from consultative examiners and some form of functional assessment from a treating source, albeit no "formal reports." Tankisi, 521 F. App'x at 33–34. Indeed, in Pellam v. Astrue, 508 F. App'x 87 (2d Cir. 2013), the Second Circuit left open the question of "whether a record would be rendered incomplete by the failure to request a medical source opinion from a treating physician if the ALJ made his [RFC] determination without the support of any expert medical source opinion concerning the claiming's limitations." Id. at 90 n.2 (emphasis in original).

The Recommended Ruling accurately reflects the law as stated in the regulations and interpreted by the case law. As explained in the Recommended Ruling, the opinions relied upon by the ALJ, as they currently exist in the record, do not constitute substantial evidence for the ALJ's RFC finding, namely, that the plaintiff could lift twenty-five pounds frequently and fifty pounds occasionally. Indeed, the opinions on which the ALJ relied are either too vague to be useful or inconsistent with the ALJ's conclusion. See, e.g. Rec. Ruling 11 (noting that Dr. Guarnaccia, whose opinion the ALJ assigned "partial weight," concluded that Staggers "may have problems with physical work related activities that required her to be in stressful or interactive situations" (quoting Tr. 540)).[1]

---

[1] In one instance, the Recommended Ruling gives the Commissioner's arguments more credit than they are due. The Recommended Ruling states that Dr. Rojugbokan's opinion is internally inconsistent because it concludes that "[o]nce the patient is able to get back on her medications, it will be difficult for her to be able to keep or maintain any kind of job." Rec. Ruling 10–11. This is not necessarily inconsistent with his opinion. The opinion does state this conclusion after noting that Staggers is "capable of again walking, listening, seeing, hearing, and reasoning," Transcript of Record ("Tr.") at 492. However, the opinion also acknowledges a number of health problems, for example, high blood pressure,

6

The Commissioner points out that some of the cases cited in the Recommended Ruling rely on Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998).  See Def.'s Obj. 5.[2]  It maintains that the holding of Balsamo – "that an 'ALJ cannot arbitrarily substitute his own judgment for competent medical opinion,' and that an ALJ should not have engaged in his own evaluations of the medical findings in the absence of supporting expert medical opinion" – is not relevant here because, when Balsamo was decided, the Second Circuit required an ALJ to identify a functional assessment to rationalize their RFC finding at step five.  Id.  However, Poupore v. Astrue, 566 F.3d 303 (2d Cir. 2009) later recognized that regulations had abrogated the standard set out in Curry v. Apfel, 209 F.3d 117, 122–23, a standard that quotes Balsamo, to state that, at step five of an ALJ's analysis, "the Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity."  Poupore, 566 F.3d at 306.

The court understands the Commissioner's argument to be that, under the current regulations, the claimant bears the burden of proving her RFC, and the Recommended Ruling improperly places this burden on the Commissioner.  The argument is misplaced.  The Recommended Ruling simply – and, as the court has explained, correctly – rules that the ALJ RFC's finding was without substantial evidence

---

depression, and occasional backaches and joint pain.  Id. at 487–92.  The Commissioner argued that the conclusion contains a transcription error, which the Recommended Ruling properly rejects as appellate counsel's post hoc rationalization.  Rec. Ruling 28.  The court notes that the intended meaning of the conclusion (as asserted by the Commissioner) would be as inconsistent, if not more so, with the opinion as the conclusion is in its current form:  the opinion does not support the conclusion that "[o]nce the patient is able to get back on her medications, it will [not] be difficult for her to be able to keep or maintain any kind of job."  Tr. 492 (emphasis added).  Surely, even with appropriate medications, the opinion does not suggest that Staggers could keep and maintain any kind of job.

[2] Notably, only some of the cases cite Balsamo.  Most do not rely on that case.

7

because it was not supported by medical opinion. The mere fact that the claimant bears the burden of proof during the first four steps does not mean that the ALJ can find an RFC without substantial evidence to support it. See Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013) (ruling that the ALJ's RFC finding lacked substantial evidence while recognizing that the standard in Curry had been abrogated).

## IV.   CONCLUSION

For the foregoing reasons, and because the court finds no clear error in the parts of the Recommended Ruling not addressed herein, the court **OVERRULES** the Objection (Doc. No. 29) and **AFFIRMS, ADOPTS, AND RATIFIES** the Recommended Ruling (Doc. No. 28). Therefore, as explained in the Recommended Ruling, Stagger's Motion for an Order Reversing the Decision of the Commissioner, or in the Alternative, Remand for a New Hearing (Doc. No. 17) is **GRANTED** and the Commissioner's Motion to Affirm (Doc. No. 23) is **DENIED**. The case is remanded to the Commissioner.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 11th day of August, 2015.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge