UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
DEBRA STAGGERS                :    3:14CV00717(JCH)
                              :
v.                            :
                              :
CAROLYN W. COLVIN,            :    December 21, 2015
ACTING COMMISSIONER OF        :
SOCIAL SECURITY               :
                              :
------------------------------x
```

**ORDER ON STIPULATION RE:PLAINTIFF'S MOTION
FOR AN AWARD OF ATTORNEY'S FEES AND COSTS
UNDER THE EQUAL ACCESS TO JUSTICE ACT [Doc. #37]**

On September 18, 2010, plaintiff, Debra Staggers ("plaintiff") concurrently applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits claiming that she had been disabled since June 15, 2005. (Certified Transcript of the Record, Compiled on July 8, 2014 (hereinafter "Tr.") 377-87). After a hearing before an ALJ, the ALJ denied plaintiff benefits on November 29, 2012. (Tr. 174-90). After exhausting her administrative remedies, plaintiff filed the Complaint in this case on May 9, 2014. [Doc. #1]. On August 1, 2014, the Commissioner filed her Answer and the official transcript. [Doc. #9]. Following two motions for extension of time, on November 3, 2014, plaintiff filed her Motion for an Order Reversing the Decision of the Commissioner, or in the Alternative, Remand for a New Hearing ("Motion to

1

Reverse"). [Doc. #17]. Also following a motion for extension of time, on February 10, 2015, the Commissioner filed her Motion for an Order Affirming the Decision of the Commissioner ("Motion to Affirm"). [Doc. #23]. On March 13, 2015, after an extension of time, plaintiff filed a Response to Defendant's Motion for an Order Affirming the Decision of the Commissioner ("Reply"). [Doc. #26].

On June 17, 2015, the undersigned issued a Recommended Ruling on Cross Motions, which granted plaintiff's Motion to Reverse, and remanded this matter for further administrative proceedings. [Doc. #28]. Defendant objected to the Recommended Ruling [Doc. #29], to which plaintiff filed a Response [Doc. #30]. On August 11, 2015, Chief Judge Janet C. Hall affirmed, adopted and ratified the Recommended Ruling, and overruled defendant's objection. [Doc. #31]. Judgment was entered on August 11, 2015. [Doc. #32].

On November 9, 2015, plaintiff filed a motion for attorney's fees together with a memorandum in support, an affidavit, and time sheets. [Doc. #34]. Defendant filed a motion for extension of time to file a response [Doc. #35], which the Court granted to December 14, 2015 [Doc. #36]. On December 17, 2015, the parties filed a joint stipulation regarding the attorney's fees to be awarded. [Doc. #37].

2

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable.

> Despite the fact that the parties have executed a stipulation allowing for the payment of attorneys' fees, the court is obligated under the EAJA to determine the proper fee. See Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

Rogers v. Colvin, No. 4:13-945-TMC, 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014). In other words, "what constitutes a 'reasonable' fee under the EAJA is for the determination of the district court and not the parties by way of stipulation." Williams v. Sec'y of Health & Human Servs., No. CIV-87-125E, 1989 WL 122110, at *1 (W.D.N.Y. Oct. 11, 1989). The Court therefore has reviewed the plaintiff's application for fees to determine whether the stipulated amount is reasonable.

## DISCUSSION

A party who prevails in a civil action against the United States may seek an award of fees and costs under the Equal Access to Justice Act ("EAJA" or the "Act"), 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the

financial disincentive to challenging unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (footnote & citation omitted). In order for an award of attorney's fees to enter, this Court must find (1) that plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. 28 U.S.C. §2412(d)(1)(B).

Plaintiff sought fees in the amount of $11,612.46, for 59.6 hours at the 2014 rate of $194.84, in her original motion. The parties have now reached an agreement under which the defendant would pay a total of $9,000 in fees, which would represent about 46.2 hours of work at the 2014 rate. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a "prevailing party" to recover from "a reasonable attorney's fee as part of the costs").[1] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that

---

[1] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Id. at 433 n.7.

4

are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)). "Courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012)(citations & internal quotations omitted); Cobb v. Astrue, No. 3:08CV1130(MRK)(WIG), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court granting her Motion to Reverse and ordering a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[2] 28

---

[2] Plaintiff's motion is timely as she filed it within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (holding "that a

U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for a total of 46.2 hours of attorney time, reduced from the 59.6 hours of attorney time originally sought. [Doc. ##34, 37]. The transcript in this case was relatively small, totaling only 689 pages. Although plaintiff's counsel did submit a thorough brief, the factual and legal issues involved were not overly complex, particularly given plaintiff's counsel's extensive experience in this area of the law and the fact that counsel represented the plaintiff during the administrative appeals process. (Tr. 77-78, 168-70). Cf. Rodriguez v. Astrue, No. 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.") (internal quotations and multiple citations omitted), approved in relevant part, 3:08CV154(JCH), 2010 WL 1286895 (D. Conn. Mar. 29, 2010). Although plaintiff's memorandum in support of her motion is 39

---

'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

pages, much of the memorandum is comprised of large block quotation of case law. Further, a review of motions filed by plaintiff's counsel in prior cases reveals that certain portions of the motion in this case were copied from prior motions. Compare, e.g., Ferraro v. Colvin, 3:13CV00932(JAM), Doc. #19-1 at 15-17, and Weeks v. Colvin, 3:13CV00232(JCH), Doc. #20-1 at 8-12, with Staggers, Doc. #17-1 at 11-13, 21, 30-32. Accordingly, after a careful examination of plaintiff's counsel's specific entries, a reduction in time below the 59.6 hours originally sought is warranted.

The Court finds that in light of all the circumstances, and particularly in light of the parties' stipulation, which adds weight to the claim that the fee award claimed is reasonable, an award of fees in the amount of $9,000 is appropriate. Therefore, the plaintiff's Motion for Attorney's Fees [Doc. #34] is **GRANTED**, in part, and the parties' Stipulation [Doc. #37] is **SO ORDERED**. The Court awards **46.2 hours** of attorney time at an hourly rate of $194.84, for a **total award of fees of $9,000.**

SO ORDERED. Dated this 21st day of December, 2015 at New Haven, Connecticut.

                                                  /s/
                                              Hon. Sarah A. L. Merriam
                                              United States Magistrate Judge